# Summons



Department of the Treasury
**Internal Revenue Service**

In the matter of  Eddie Ventura, Jr., 911 W. 12th St., San Juan, Texas 78539

Internal Revenue District of  South Texas   Periods  July 1, 1996 through April 17, 1998

The Commissioner of Internal Revenue

To  Tracy B. White

At  ~~1948~~ McAllen, Texas 78504

You are hereby summoned and required to appear before  Linda Miranda Alvarez or her delegate
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Any and all records or accounts in your possession, custody, or control, relating to the disposition of insurance proceeds received from American Express in regards to insurance benefits on Linda Ventura; and any other records relating to any financial matter concerning Eddie Ventura, Jr., or his representative for the periods shown above.

Business address and telephone number of Internal Revenue Service officer named above:
201 E. Monroe, Suite 2, Harlingen, Texas 78550, (956)427-8630

Place and time for appearance:

at  320 N. Main St., Suite 213, McAllen, Texas 78501, (956)632-3315

on the  17th  day of  April , 19 98  at  10;00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  7th  day of  April , 19 98

_____    Special Agent
Signature of Issuing Officer       Title

_____
Signature of Approving Officer (if applicable)   Title



EXHIBIT
"A"
ALL-STATE® INTERNATIONAL

Part C—To be given to noticee                                Form 2039 (Rev. 02-94)

**Sec. 7609. Special procedures for -party summonses.**

(a) Notice—
  (1) In General.—If—
    (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and
    (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,
then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b) (2) to bring a proceeding to quash the summons
  (2) Sufficiency of notice —Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned If such notice is mailed it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence
  (3) Third-party recordkeeper defined —For purposes of this subsection, the term "third-party recordkeeper" means—
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c) (14) (A)),
    (B) any consumer reporting agency (as defined under section 603 (d) of the Fair Credit Reporting Act (15 U S C 1681 a (f))),
    (C) any person extending credit through the use of credit cards or similar devices,
    (D) any broker (as defined in section 3 (a) (4) of the Securities Exchange Act of 1934 (15 U S C 78c (a) (4))),
    (E) any attorney,
    (F) any accountant,
    (G) any barter exchange (as defined in section 6045(c)(3)), and
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof
  (4) Exceptions.—Paragraph (1) shall not apply to any summons—
    (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person,
    (B) to determine whether or not records of the business transactions or affairs of an identified person have been made or kept, or
    (C) described in subsection (f)
  (5) Nature of summons —Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c) (2) (B)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons

(b) Right to Intervene; Right to Proceeding to Quash —
  (1) Intervention.—
Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
  (2) Proceeding to quash.—
    (A) In general.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a) (2) In any such proceeding, the Secretary may seek to compel compliance with the summons
    (B) Requirement of notice to person summoned and to secretary.—If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a) (1)
    (C) Intervention; etc.—Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A) Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding)

(c) Summons to Which Section Applies —
  (1) In General —Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602 (a) or under section 6420 (e) (2), 6421(g)(2), or 6427 (j) (2) (or 6427 (i) (2) for gasoline removed before January 1, 1988) and requires the production of records
  (2) Exceptions.—A summons shall not be treated as described in this subsection if—
    (A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or
    (B) it is in aid of the collection of—
      (i) the liability of any person against whom an assessment has been made or judgment rendered, or
      (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)
  (3) Records, Certain Related Testimony.—For purposes of this section—
    (A) the term "records" includes books, papers, or other data, and
    (B) a summons requiring the giving of testimony relating to records shall be treated as a summons requiring the production of such records

(d) Restriction on Examination of Records —No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made—
  (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a) (2), or
  (2) where a proceeding under subsection (b) (2) (A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b) (2) (B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash

(e) Suspension of Statute of Limitations —
  (1) Subsection (b) Action —If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending
  (2) Suspension after 6 months of service of summons —In the absence of the resolution of the third-party recordkeeper's response to the summons described in subsection (c), or the summoned party's response to a summons described in subsection (f), the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued other (other than a person taking action as provided in subsection (b)) shall be suspended for the period—
    (A) beginning on the date which is 6 months after the service of such summons, and
    (B) ending with the final resolution of such response

(f) Additional Requirement in the Case of a John Doe Summons — Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—
  (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons.
  (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
  (3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources

(g) Special Exception for Certain Summonses —In the case of any summons described in subsection (c), the provisions of subsections (a) (1) and (b) shall not apply if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records

(h) Jurisdiction of District Court; Etc —
  (1) Jurisdiction.—The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b) (2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
  (2) Special rule for proceedings under subsections (f) and (g).—The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of Third-Party Recordkeeper —
  (1) Recordkeeper must assemble records and be prepared to produce records.— On receipt of a summons described in subsection (c), the third-party recordkeeper shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined
  (2) Secretary may give recordkeeper certificate —The Secretary may issue a certificate to the third-party recordkeeper that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination
  (3) Protection to recordkeeper who discloses —Any third-party recordkeeper, or agent or employee thereof, making a disclosure of records pursuant to this section in good-faith reliance on the certificate of the Secretary or an order of a court requiring production of records shall not be liable to any customer or other person for such disclosure
  (4) Notice of suspension of statute of limitations in the case of a John Doe summons.—In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f)

Form 2039 (Rev. 02-94)